IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARIAM EVYETTE GEORGE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 12-825 |
| ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

O R D E R

AND NOW, this 18th day of March, 2013, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. §401, et seq., and denying plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. §1381, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. §405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan, 738

F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1]

The Court finds no merit in Plaintiff's position that the Administrative Law Judge ("ALJ") erred in finding her to be not disabled. Plaintiff raises a two-pronged argument premised on her contention that the ALJ failed to account adequately for her deficiencies in concentration, persistence, and pace. She first argues that the state agency reviewing psychologist and the consultative examiner found her to have marked deficiencies in concentration, persistence, and pace, and that the ALJ improperly omitted these limitations from his determination of her residual functional capacity ("RFC"). It is unclear what Plaintiff means in stating that the ALJ "explicitly relied upon" the opinions of these psychologists in arguing that he was bound to incorporate the limitations contained in their opinions regarding concentration, persistence, and pace in his RFC determination. The ALJ expressly did not adopt the state reviewing psychologist's opinion that Plaintiff had marked limitations in these areas, and he gave limited weight to the consultative examiner's decision in this regard, as well. The ALJ explained his reasoning at some length, and substantial evidence supports his findings. So while the ALJ "explicitly relied upon" these opinions in the sense that he considered them, he did not adopt all of the findings contained therein, including those pertaining to concentration, persistence, and pace. Accordingly, the fact that he did not incorporate any limitation in the RFC relating to "marked" deficiencies in these areas is consistent with his findings and with the record.

The second part of Plaintiff's argument is that the ALJ's RFC determination was insufficient as a matter of law, pursuant to Ramirez v. Barnhart, 372 F.3d 546 (3d Cir. 2004), because it did not expressly address her marked limitations in regard to concentration, persistence, and pace. Although, as discussed above, substantial evidence supports the ALJ's finding that Plaintiff had only moderate limitations in this regard, Plaintiff's argument presumably remains

the same, as her argument under Ramirez could equally apply in the case of moderate limitations. However, in any event, that case is inapposite, and Plaintiff's argument has no merit. First, in Ramirez, the ALJ had found that the claimant "often" suffered from deficiencies of concentration, persistence, or pace, resulting in a failure to complete tasks in a timely manner, and the Third Circuit Court of Appeals held that the ALJ's RFC determination that the claimant was limited to simple, repetitive one or two-step tasks did not sufficiently take the claimant's deficiencies into account. Here, as discussed, the ALJ found that Plaintiff had moderate limitations in concentration, persistence, or pace, as the Social Security regulations pertaining to mental impairments were revised, and the evaluation of concentration, persistence, and pace was changed from a five-point scale based on the frequency of the deficiencies to the current five-point severity scale. See Reynolds v. Commissioner of Soc. Sec., 2011 WL 3273522, at *13 (W.D. Pa. July 29, 2011). Although both "often" and "moderate" occupy the middle position in their respective scales, recent Third Circuit decisions have distinguished Ramirez based on the difference between "often" suffering from these deficiencies and being "moderately" limited in those areas. See McDonald v. Astrue, 293 Fed. Appx. 941, 946-47 (3d Cir. 2008) (noting that the ALJ properly accounted for his finding that the claimant had moderate limitations in concentration by limiting him to simple, routine tasks). See also Menkes v. Astrue, 262 Fed. Appx. 410, 412 (3d Cir. 2008) ("Having previously acknowledged that [the claimant] suffered moderate limitations in concentration, persistence and pace, the ALJ [properly] accounted for these mental limitations in the hypothetical question by restricting the type of work to 'simple routine tasks.'"). The continuing validity of Ramirez under the new severity scale, therefore, is questionable.

More importantly, though, in Ramirez, the ALJ had limited the claimant to simple, repetitive one or two-step tasks. Here, the mental limitations found by the ALJ in the RFC were far more extensive and specific. Plaintiff was limited not only to simple instructions, she was also required to avoid direct face-to-face interactions with the general public, crowds, groups of people, intensive supervision, close interaction with co-workers, and changes in work setting. (R. 16). These limitations go far beyond a limitation to simple, repetitive one or two-step tasks and properly account for Plaintiff's deficiencies in concentration, persistence, and pace. Indeed, Plaintiff completely ignores the fact that the ALJ expressly indicated that his RFC findings accounted for Plaintiff's limitations in these areas. In finding, at Step 3 of the sequential analysis, that Plaintiff had

Therefore, IT IS HEREBY ORDERED that plaintiff's Motion for Summary Judgment (document No. 9) is DENIED and defendant's Motion for Summary Judgment (document No. 11) is GRANTED.

                                                         s/Alan N. Bloch
                                                         United States District Judge

ecf:   Counsel of record

---

moderate limitations in concentration, persistence, and pace, he stated that these limitations would be further addressed in the RFC assessment. (R. 15). He later re-emphasized that his Step 3 analysis was not an RFC assessment and that the RFC assessment at Steps 4 and 5 required a more detailed assessment by itemizing various functions contained in the broader categories, such as concentration, persistence, and pace, employed at Step 3. (R. 16). This demonstrates that the ALJ did not "fail" to address Plaintiff's issues regarding concentration, persistence, and pace, but rather dealt with them in a more specific manner at Steps 4 and 5. Substantial evidence supports his determination.